Hubert D. Horn and Ruth Horn v. Commissioner.
Horn v. Commissioner
Docket No. 36301.
United States Tax Court
1954 Tax Ct. Memo LEXIS 285; 13 T.C.M. (CCH) 192; T.C.M. (RIA) 54067; March 3, 1954
*285 Held, the petitioner failed to sustain the burden of showing that a debt owed to him became worthless within the taxable year 1947 and that a 5 per cent negligence penalty on the resultant deficiency was improperly asserted by the respondent. Herbert W. Baird, Esq., for the petitioners. Richard C. McLaughlin, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The respondent determined a deficiency in income tax of $590.22 and a negligence penalty of $29.51 against Hubert D. and Ruth Horn for the calendar year 1947. The questions presented for our determination are (a) whether the petitioners sustained a bad debt loss during the calendar year 1947, and if not (b) whether they are subject to the negligence penalty provided in section 293 (a) of the Internal Revenue Code. The petitioners' joint income tax return for the calendar year 1947 was filed with the collector of internal revenue for the district of Nebraska. Findings of Fact Petitioners are husband and wife. Hubert D. Horn, hereafter referred to as the petitioner, is a machinist, and in 1947 he was employed by the Preston Construction *286 Co. and the Fairfax Bread Co., both of Omaha, Nebraska. The petitioner also owned and operated in 1947 the Rite-Way Novelty Co., a machine repair shop in Lincoln, Nebraska. In 1947 he was paid $4,263.08 by his two employers and made $500 from the operation of his machine shop. In 1942 the petitioner and Clifford L. Rein agreed to purchase a tract of land once owned by Rein's uncle. Each was to pay one-half the purchase price. A down payment on the purchase price was made by the petitioner, but neither he nor Rein was able to complete the transaction because they lacked funds. In 1943 the petitioner lent Clifford L. Rein $2,850 for the latter's personal use and to enable him to pay his indebtedness to his uncle's estate, of which he was administrator. Later Rein gave the petitioner a promissory note for $3,500 as evidence of the earlier debt. This note was dated June 25, 1945. Rein made interest payments on the debt, but despite several requests, no payments of the principal were made. In 1947 Clifford L. Rein had an income of $3,000. On his 1947 return filed jointly with his wife, the petitioner claimed a $3,500 bad debt deduction arising from the operation of his own business. *287 This deduction was disallowed by the respondent. Opinion In the computation of net income the Internal Revenue Code permits the deduction of debts which become worthless during the taxable year. Section 23 (k) (1). To take advantage of the deduction the taxpayer must show the existence of a valid debt, and that the debt actually became worthless within the taxable year. A necessary part of the latter showing is that the debt had some value at the beginning of the taxable year. Redman v. Commissioner, ( C.A. 1, 1946) 155 Fed. (2d) 319, affirming 4 TCM 517 (1945). Here the petitioner has shown that he was owed money by Clifford L. Rein from 1943, but he has failed to sustain his burden of showing that the debt became worthless in 1947. In attempting to show worthlessness, the petitioner testified that after he lent money to Rein in 1943, the latter failed to make any payments on the principal of the debt; and he therefore obtained a promissory note from Rein in 1945. The petitioner made requests for payment but was told by Rein that he could pay no more. The only payments on the debt received by the petitioner were payments of interest, but no payments *288 were made after January 1, 1947. The petitioner testified further that Rein could not pay because he was worthless. The debtor, Clifford L. Rein, testified that the petitioner came to see him on different occasions about the debt and looked at his books of account. He also stated that he did not think he would be able to pay the debt at any forseeable time, and that after 1947 he was not in a position to pay his debt to the petitioner, but that if in the future he should be able to pay, he would. In opposition the respondent showed that Rein's income in 1947 was $3,000. This amount, Rein testified, was necessary to pay his living expenses for the year and to pay other debts which had priority over the petitioner's. We think that this evidence on behalf of the petitioner is insufficient to overcome the presumption of correctness of respondent's determination and the evidence tending to support this determination. The evidence on behalf of the petitioner consisted principally of the witnesses' statements that the debt was worthless without an adequate explanation of the basis for this conclusion. The only underlying circumstance tending to show worthlessness was that no payment on *289 the principal of the debt was made between 1943 and 1947, although the debtor made interest payments until 1947. To the contrary it was shown that the debtor, Rein, was gainfully employed and had earnings of $3,000 in 1947. And while it is no doubt true that this money was needed by Rein to pay his living expenses and debts which were prior to the petitioner's, it is not an unreasonable inference that the debtor would continue to be employed and would thereby improve his financial condition. Hence, we cannot agree that the debt in question had no value to the taxpayer. The further question remains as to whether the 5 per cent negligence penalty provided in section 293 (a) of the Internal Revenue Code was properly added to the deficiency by the respondent. On this question we have no alternative but to find for the respondent, since in his petition the taxpayer did not allege that the assertion of the negligence penalty was erroneous, nor at the hearing did he offer sufficient evidence to overcome the presumption of correctness attaching to the respondent's determination of the negligence penalty. Decision will be entered for the respondent.